IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lynn O'Shields,           )<br>                                             )<br>               Plaintiff,              )<br>                                             )<br>v.                                          )<br>                                             )<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security,[1]                )<br>                                             )<br>               Defendant.         )<br>_____) | C/A No. 0:12-2327-RMG-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, David Lynn O'Shields ("O'Shields"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further proceedings.

## ADMINISTRATIVE PROCEEDINGS

In December 2008, O'Shields applied for DIB, alleging disability beginning May 29, 2007. O'Shields's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 19, 2011, at which O'Shields, who was represented by Michael B. Freeman, Esquire, appeared and testified. After

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

Page 1 of 12



hearing testimony from a vocational expert, the ALJ issued a decision on April 11, 2011 finding that O'Shields was not disabled. (Tr. 67-82.)

O'Shields was forty-four years old on his disability onset date. (Tr . 297.) He has a high school education and past relevant work experience as vice president/glazier for a construction company. (Tr. 302, 307.) In his application, O'Shields alleged disability since May 29, 2007 due to pain and swelling stemming from a crushed calcaneus, back pain, and depression. (Tr. 301.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since May 29, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

   \* \* \*

3. The claimant has the following severe impairments: right calcaneal fracture and depression (20 CFR 404.1520(c)).

   \* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).

   \* \* \*

5. . . . [T]he claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). I specifically find the claimant can occasionally lift/carry 20 pounds including upward pulling, and 10 pounds frequently including upward pulling. He can stand and/or walk with normal breaks for at least two hours in an eight-hour workday, and can sit with normal breaks for six hours in an eight-hour workday. He can occasionally push and pull foot controls with his right lower extremity. The claimant should never climb ropes, ladders and scaffolds. He can frequently balance, stoop and kneel. He can occasionally perform all other postural activities. He should avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights. The claimant can occasionally interact with the public, and can interact appropriately with co-workers and supervisors in this type of stable routine setting. He can concentrate, persist and work at pace to perform simple, routine and repetitive tasks at level three



>  reasoning per DOT for extended periods of two hours in an eight hour workday.
>
> \* \* \*
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> \* \* \*
>
> 7. The claimant was born . . . [in] 1962, and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> \* \* \*
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 29, 2007, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 69-81.) O'Shields submitted additional evidence to the Appeals Council, which denied his request for review on June 20, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected



to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

O'Shields raises the following issues for this judicial review:

I.  Credibility. In assessing a claimant's credibility the ALJ's decision must contain specific reasons for his finding, supported by the evidence in the case record. When the ALJ fails to provide adequate reasons for his credibility determination, can his decision be based on substantial evidence?

II. Treating physicians' opinions are entitled to great weight in the absence of compelling contrary evidence and may be entitled to controlling weight. The ALJ improperly gave little weight to the medical opinions of Drs. Hinnant and Jacobus, whose opinions support a finding of disability. Where the ALJ improperly disregards or ignores the opinions of treating physician, can his decision be supported by substantial evidence?



> III.  Where new evidence is submitted to the Appeals Council that is sufficiently material that it might have affected the Commissioner's final decision, the <u>Meyer</u> case requires that evidence be weighed. In this case there was such evidence, and it has not been weighed. Where there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the factfinder, must the case be remanded so that Commissioner can weigh that evidence?

(Pl.'s Br., ECF No. 21.)

## DISCUSSION

**A.     Credibility**

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." <u>Craig v. Chater</u>, 76 F.3d 585, 594 (4th Cir. 1996). It appears that in this matter only the second step is at issue,[3] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." <u>Id.</u> In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." <u>Id.</u> (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating

---

[3] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." <u>Craig</u>, 76 F.3d at 594 (internal quotation omitted).



the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595.  A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers."  Id.  The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

(I)   Your daily activities;
(ii)  The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv)  The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v)   Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ found that O'Shields's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (Tr. 73.)  In reaching this conclusion, the ALJ observed that O'Shields received unemployment benefits from August through December 2008. The ALJ acknowledged that the receipt of unemployment benefits does not automatically preclude an individual from pursuing disability benefits.  However, he also stated that "a claimant cannot simply ignore the apparent contradiction that arises out of the earlier receipt of unemployment insurance



benefits, but must proffer a sufficient explanation." (Tr. 74.) The ALJ further stated that "[a] person who applies for unemployment benefits generally holds himself out as willing and able to work" and found that "[w]hile not dispositive of the issue, . . . receiving unemployment benefits generally detracts from credibility." (Id.) The ALJ further found that O'Shields's daily activities—which the ALJ indicated included driving a child to and from school; washing a load of clothes and emptying the dishwasher during the day; taking the dog for a walk two to three times a day; feeding the cat and dog; and preparing meals daily that consisted of sandwiches and frozen meals—establish that O'Shields's allegations of disabling effects of his impairments are not wholly credible. In discounting O'Shields's credibility the ALJ further found:

> At the hearing, he complained of pain much greater than his complaints to treating sources at 19F and 22F, which is inconsistent and indicates possible exaggeration. He had no prescribed cane at the hearing but stated he had one at home. He responded to his representative's somewhat suggestive questioning that he did have side effects from his medication versus his statement that he had no side effects at 24F. He was carrying a white three-ring binder at the hearing in his right hand such as an individual suited for sedentary work as testified to by the VE might carry or use. He affirmed many of the suggestions and acceded to counsel's leading and suggestive questioning regarding many mental and vocational inabilities to work where other evidence in the record indicated he had normal mood and effect (22F) and can walk 1-1/2 to 2 hours but would need to sit most of the day per 18F. He seemed fixated on his lawsuit against his sister and being frozen out as a minority shareholder, which may be a factor in his complaints and lack of return to work.

(Tr. 74-75.) The ALJ found the above evidence "demonstrates the claimant retains the capacity for modified light work as set forth above." (Tr. 75.)

O'Shields argues that the ALJ erred in assessing his credibility by challenging each of the reasons offered by the ALJ. Upon a thorough review of the record as a whole, the court finds many of O'Shields's arguments availing, as he points out several apparent errors in the ALJ's discussion. The court is therefore unable to conclude that the ALJ's decision with regard to O'Shields's



credibility is supported by substantial evidence.[4] While an ALJ may not be required to discuss every piece of evidence, in this case the record reveals significant evidence not addressed or acknowledged by the ALJ that does not support the ALJ's decision. See, e.g., Seabolt v. Barnhart, 481 F. Supp. 2d 538, 548 (D.S.C. 2007) ("The ALJ is not required to discuss every piece of evidence, but if he does not mention material evidence, the court cannot say his determination was supported by substantial evidence.").

For example, the ALJ found that at the hearing O'Shields complained of pain that was much greater that the pain reported to his treating sources based on records from his chiropractic treatment and J. Thomas Anderson, M.D.  Upon review of the records, the court finds that they do not support the ALJ's conclusion.  At the hearing, O'Shields testified that his pain at its worst was a level eight, which he generally experienced every third day[5] and if he was unable to stay off his feet.  O'Shields stated that his pain at its best, which was when his medication was working and he stayed off his feet, was a level four or five. (Tr. 99-100.)  The records from Dr. Anderson appear to be consistent with this testimony, indicating reports of pain for his right foot and ankle ranging from four to eight.[6] (Tr. 654-83.)  Additionally, records from Pain Management Associates generally reveal similar

---

[4] To the extent that the Commissioner argues that substantial evidence always exists whenever the ALJ provides one valid reason to discount the claimant's credibility, such an argument is inapposite to applicable law.  Moreover, the out-of circuit-case relied on by the Commissioner for this argument does not support the Commissioner's position. (See Def.'s Br. at 14 n.7, ECF No. 22 at 14 n.2.)

[5] O'Shields explained that one of his pain medications is a patch that starts to "wear out" on the third day. (Tr. 99.) The medical records reveal that O'Shields appears to be referring to his Fentanyl patches, which he is instructed to apply one patch every 72 hours. (See Tr. 373.)

[6] In fact, Dr. Anderson's records reveal that a one point O'Shields even requested "amputation to try to remove him from his discomfort." (Tr. 658.)



reports of pain. (Tr. 684-712.) Moreover, although the chiropractic records appear to contain reports of pain as low as a level two, as pointed out by O'Shields, the focus of these records was for treatment for O'Shields's back with occasional mentioning of leg pain. (Tr. 616-38.) With regard to O'Shields's testimony regarding his medication side effects,[7] the ALJ found it contradicted a medical record indicating that he had no side effects. However, as argued by O'Shields, the medical record clearly appears to be in reference to O'Shields's diabetes medication rather than his pain medications and there are several medical records that appear to support O'Shields's testimony.[8] (Compare Tr. 722 with Tr. 395, 687, 690, 695, 704.)

Accordingly, while some evidence may exist in the record to discount O'Shields's credibility, the court cannot say that the ALJ's decision is supported by substantial evidence where portions of the evidence relied upon by the ALJ do not appear to be inconsistent with O'Shields's testimony and in light of the evidence that in fact supports his testimony that the ALJ did not address or acknowledge.

**B.      Remaining Issues**

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address O'Shields's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, O'Shields may

---

[7] At the time of the hearing, O'Shields's most recent medication list reported that his pain medications included Fentanyl patches, Tramadol, and Xodol. (Tr. 373.)

[8] Additionally, the Commissioner appears to concede that the ALJ's comments that O'Shields did not use a cane, that O'Shields was carrying a binder, and that the questions by O'Shields's counsel were leading did not appear "to have been the linchpin of the ALJ's decision, as he mentions them only in passing." (Def.'s Br. at 17, ECF No. 22 at 17.)



present his arguments on remand that the ALJ failed to properly evaluate the opinions of Drs. Dwight Jacobus and Donald W. Hinnant and his arguments with regard to the additional evidence presented to the Appeals Council.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 16, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).