IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David O'Shields, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:12-2327-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 32). Plaintiff seeks an award of $5,686.87 based upon 16.25 hours of attorney's time compensated at $181.25 per hour and $2,741.56 in paralegal time at $90.63 per hour. (Dkt. No. 32-1 at 10-11). Plaintiff asserts he is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees requested is reasonable. Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 33).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988).

-1-

This Court reversed the decision of the Commissioner denying Plaintiff Social Security disability benefits because (1) no fact finder reviewed the new and material evidence offered by Plaintiff to the Appeals Council, as mandated under *Meyer v. Astrue*, 662 F.3d 700, 706-07 (4th Cir. 2011); (2) the Administrative Law Judge found that Plaintiff had the residual functional capacity to perform light work despite finding Plaintiff was limited to walking or standing for only two hours in an eight hour work day, which is contrary to the standards set forth in SSR 83-10, 1983 WL 31251 (1983); and (3) the Administrative Law Judge's credibility analysis was not supported by substantial evidence. These errors conflicted with matters of well settled law in the area of Social Security disability law, and the Court finds that the Government cannot carry its burden of showing its position was substantially justified.

The Defendant has not challenged the Plaintiff's asserted hours or rate of compensation. The Court has, however, made an independent review of the itemized Plaintiff's attorney time and rates and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court **GRANTS** Plaintiff's motion for attorney and paralegal fees under EAJA in the amount of $5,686.87. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.[1]

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

---

[1] Any award under this order is subject to offset if Plaintiff has a debt subject to the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B).

Charleston, South Carolina
March 27, 2014